**Alonso Antonio BARAHONA–GOMEZ, et al., Plaintiffs,**

v.

**John ASHCROFT, Attorney General of the United States, et al. Defendants.**

**No. C97–0895 CW.**

United States District Court, N.D. California, Oakland Division.

Dec. 18, 2002.

Settlement Agreement Dec. 18, 2002.

Marc Van Der Hout (Ca. Bar No. 80778), Zachary Nightingale (Ca.Bar. No. 184501), Van Der Hout & Brigagliano, San Francisco, CA, Robert B. Jobe (Ca. Bar No. 133089), Law Office of Robert B. Jobe, San Francisco, CA, Linton Joaquin (Ca. Bar No. 73547), National Immigration Law Center, Los Angeles, CA, Donald Ungar (Ca.Bar. No. 29989), Simmons, Ungar, Helbush & Steinberg, San Francisco, CA, for Plaintiffs; Robert Rubin (Ca.Bar. No. 85084), Lawyers Committee For Civil Rights, Of Counsel.

Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, David M. McConnell, Deputy Director (Va. Bar No. 24029), Brenda M. O'Malley, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, Washington, D.C., Kevin Ryan, United States Attorney, Jocelyn Burton (CSBN 135879), Assistant United State Attorney, Chief, Civil Division, San Francisco, for Defendants.

## ORDER APPROVING CLASS ACTION SETTLEMENT AGREEMENT

WILKEN, District Judge.

On September 13, 2002, this Court provisionally approved the Settlement Agreement submitted by the parties. Notice of the pendency of the Settlement Agreement and of the fairness hearing was given to class members as provided in the Order Preliminarily Approving Stipulated Settlement Agreement as is set forth by co-counsel for the plaintiffs in the Declaration of Linton Joaquin and by counsel for Defendants in the Declaration of David McConnell, both filed on November 29, 2002 with the parties' Joint Motion For Final Approval of Settlement Agreement.. On December 6, 2002, the Court held a fairness hearing to consider any objections to the proposed Settlement Agreement and the parties' Joint Motion for Final Approval of Settlement Agreement.

The Court having made an independent determination that the Settlement Agreement is a fair, adequate and reasonable settlement of this action, and having resolved that any properly filed objections do not warrant not approving the proposed Settlement Agreement, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement, filed concurrently with the parties' Joint Motion for Final Approval of Settlement Agreement, is approved;

2. Pursuant to Federal Rules of Civil Procedure 23(e) and 41(a), the parties' stipulation to dismiss this action with prejudice, except insofar as provided for pursuant to paragraph I.(C), and II.(C) of the Settlement Agreement, is approved;

3. Attorneys' fees and costs shall be as set forth in paragraph II.(C)(4) of the Set-

**1030**

tlement Agreement, and Defendants, in making the disbursement of funds set forth therein shall make the payment to Marc Van Der Hout, co-counsel for Plaintiffs, as trustee;

4. The Settlement Agreement, along with this Order approving it, shall be published.

Table of Contents

I. RECITALS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1030
   (A) *Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1030
   (B) *Definition of the Class* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1030
   (C) *Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1031
   (D) *Intention of the Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1031
   (E) *Effective Date* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1031

II. NEW CONSIDERATION OF APPLICATIONS FOR SUSPENSION OF
    DEPORTATION ("RENEWED SUSPENSION") . . . . . . . . . . . . . . . . . . . . . . . 1031
   (A) *Definition of "Eligible class members"* . . . . . . . . . . . . . . . . . . . . . . . 1031
   (B) *Relief provided to eligible class members* . . . . . . . . . . . . . . . . . . . . 1033
      (1) *Relief for All Eligible Class Members* . . . . . . . . . . . . . . . . . . . 1033
      (2) *If Immigration Court Has Jurisdiction Over Case* . . . . . . . . . . 1033
      (3) *If BIA Has Jurisdiction Over the Case* . . . . . . . . . . . . . . . . . . . 1033
      (4) *If Motion to Reopen/Reconsider Already Denied* . . . . . . . . . . . . 1034
      (5) *Sua Sponte Reopening If EOIR Already Decided Case* . . . . . . . . 1035
         (a) *EOIR Identification and reopening* . . . . . . . . . . . . . . . . . . 1035
         (b) *Procedure following remand* . . . . . . . . . . . . . . . . . . . . . . . . 1035
            (i) *Notice of Hearing and Administrative Closure* . . . . . . . 1035
            (ii) *Recalendaring and Administrative Closure* . . . . . . . . . 1036
            (iii) *Appropriate Resolution* . . . . . . . . . . . . . . . . . . . . . . . . 1036
         (c) *Motions to Reopen Permitted* . . . . . . . . . . . . . . . . . . . . . . . 1036
      (6) *Limitation on Appeals* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1036
      (7) *Notification by EOIR of Determinations of Ineligibility* . . . . . . 1036
   (C) *Other Considerations* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1037
      (1) *Stay of Deportation and Dissolution of Injunction* . . . . . . . . . . 1037
      (2) *Publication and Notice* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1037
      (3) *Monitoring:* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1037
      (4) *Attorneys' Fees* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1037
      (5) *Dismissal of Complaint* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1037
      (6) *Court's Continued Authority* . . . . . . . . . . . . . . . . . . . . . . . . . . . 1037
      (7) *Dispute Resolution* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1039

I. RECITALS

(A) *Parties:* The parties to this Settlement Agreement ("Agreement") are:

(1) The plaintiff class (hereinafter "plaintiffs" or "class members"), as defined below at (I)(B); and

(2) The defendant officials and employees of the Executive Office for Immigration Review ("EOIR"); John Ashcroft, Attorney General of the United States in his official capacity; Michael Creppy, Chief Immigration Judge in his official capacity; Lori Scialabba, Chair of the Board of Immigration Appeals in her official capacity.

By Order of the United States District Court for the Northern District of California, the Clerk is directed to enter judgment accordingly.

**SETTLEMENT AGREEMENT**

(B) *Definition of the Class:* The Class shall be defined as follows:

"all persons who have had (or would have had) suspension of deportation hear-

ings conducted before April 1, 1997, within the jurisdiction of the Ninth Circuit Court of Appeals, and who were served an Order to Show Cause within seven years after entering the United States, where:

(a) the immigration judge reserved or withheld granting suspension of deportation on the basis of the February 13, 1997 directive from Defendant Chief Immigration Judge Michael Creppy; or

(b) the suspension of deportation hearing was concluded prior to April 1, 1997, the INS has appealed or will appeal, at any time, on a basis that includes the applicability of either section 309(c)(5) or 309(c)(7) of the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), amended Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996) ("IIRIRA"), and the case was affected by the February 13, 1997 directive from Defendant Chief Immigration Judge Michael Creppy or the February 13, 1997 directive from Defendant Board Chairman Paul W. Schmidt; or

(c) the Board of Immigration Appeals ("the Board") has or had jurisdiction but withheld granting suspension of deportation (or reopening or remanding a case for consideration of an application for suspension of deportation) before April 1, 1997 on the basis of the February 13, 1997 directive from Defendant Board Chairman Paul W. Schmidt."

(C) *Jurisdiction:* The Court refers to the United States District Court for the Northern District of California. The parties do not dispute that the Court has jurisdiction over the parties and the subject matter of this action, and that it may appropriately enter an order approving this Agreement. The parties agree that the Court will not retain continuing jurisdiction to supervise this settlement Agreement, or to enforce its terms, except to resolve claims raised in accordance with the dispute resolution mechanism set forth in section (II)(C)(6) below.

(D) *Intention of the Parties:* The parties desire to resolve this litigation by entering into this Agreement, thereby avoiding the time and expense of further litigation of claims made by the plaintiffs. This Agreement is intended to dispose of all claims that were raised by Plaintiffs against Defendants in their official and individual capacities in this lawsuit. The parties acknowledge that this Agreement is fully binding upon them, and on each of their successors during the life of the Agreement. By entering into this Agreement, defendants do not admit to any violations of, or failure to comply with, the Constitution, laws or regulations. The parties agree that the Agreement is fully dispositive of all issues in this case.

(E) *Effective Date:* The "effective date" of this agreement shall be 30 days after the date of the final Court approval of this agreement.

## II. NEW CONSIDERATION OF APPLICATIONS FOR SUSPENSION OF DEPORTATION ("RENEWED SUSPENSION")

The Executive Office for Immigration Review (EOIR) will provide the following relief to "eligible class members", as defined below.

(A) *Definition of "Eligible class members"*

The following class members are eligible for the relief provided below by this agreement:

(1) individuals for whom the Immigration Judge either reserved a decision, or scheduled a merits hearing on a suspension application under Immigration and Nationality Act ("INA") § 244 (as such section existed in 1996, before amendment by IIRIRA), between February 13, 1997

and April 1, 1997, and the hearing was continued until after April 1, 1997 (other than where all three of the following are present: the continuance was at the request of the alien, the alien was represented by an attorney, and the transcript of the hearing was prepared following an appeal, and makes clear which party requested the continuance [1]), and for which either

    (i) no decision has been issued, or

    (ii) a decision was issued denying or pretermitting suspension based on IIRIRA § 309(c)(5), and no appeal was filed, or

    (iii) a decision was issued denying or pretermitting suspension based on IIRIRA § 309(c)(5), and an appeal was filed and the case is pending with the BIA, or

    (iv) a decision was issued denying or pretermitting suspension based on IIRIRA § 309(c)(5), the appeal was filed, and the BIA denied the appeal based on IIRIRA § 309(c)(5) (irrespective of whether further relief was pursued in federal court, or whether a motion to reopen was subsequently filed with the BIA), or

    (v) the Immigration Judge granted suspension after April 1, 1997, and the INS filed a notice of appeal, motion to reconsider, or motion to reopen challenging the individual's eligibility for suspension based on IIRIRA § 309(c)(5), such that but for this settlement agreement, the Immigration Judge or the BIA would deny suspension based on IIRIRA § 309(c)(5);

(2) individuals whose cases were pending at the Board of Immigration Appeals (either on direct appeal from the Immigration Judge decision, or on a motion to reopen) between February 13, 1997 and April 1, 1997, where the notice of appeal (or the motion to reopen) was filed on or before October 1, 1996, and which were, or would be (but for this settlement agreement), denied on the basis of IIRIRA § 309(c)(5), whether or not the decision of the BIA denying suspension solely on the basis of IIRIRA § 309(c)(5) has already been issued [2];

(3) individuals whose cases were taken under submission following a merits hearing before February 13, 1997, where no decision was issued until after April 1, 1997;

(4) individuals for whom the Immigration Judge denied or pretermitted suspension between October 1, 1996 and March 31, 1997, on the basis of IIRIRA § 309(c)(5), and the individual filed a notice of appeal with the BIA; and

(5) individuals for whom the Immigration Judge granted suspension of deportation before April 1, 1997 and the INS appealed based only on IIRIRA § 309(c)(5) or IIRIRA § 309(c)(7);

(6) notwithstanding any of the foregoing categories, the term "eligible class members" shall not include those individuals who have obtained adjustment of status to permanent residence by way of the Nicaraguan Adjustment and Central American Relief Act (NACARA) or any other means, or who have obtained (or will obtain) an administrative adjudication or re-adjudication of their claims for suspension of de-

---

1. The individual shall have the opportunity to contest a finding by the EOIR that all three of the factors listed in the parenthetical are present by invoking the dispute resolution process as provided in section (II)(C)(7).

2. The fact that an individual whose case is under the jurisdiction of either the Immigration Court or the BIA may be eligible for "repapering" under proposed 8 C.F.R. § 240.80 et seq. or any other similar procedure implementing IIRIRA §§ 309(c)(2) or (3) will not preclude an individual from relief under the terms of the settlement. In addition, cases administratively closed (for any reason) are considered pending before EOIR for purposes of this settlement.

portation without regard to Section 309(c)(5) of IIRIRA, following a remand from the United States Court of Appeals for the Ninth Circuit or the BIA or following an order by the BIA or an immigration judge reopening their cases.

(B) *Relief provided to eligible class members:*

**Renewed Suspension:** All eligible class members (as defined above) who are not already lawful permanent residents, shall be eligible to apply for and be granted "renewed suspension" which shall mean suspension of deportation, as that provision existed under INA § 244 on September 29, 1996, before amendment by IIRIRA, or any subsequent statute. All such eligible class members shall be eligible to apply for and be granted such relief as described below:

(1) **Relief for All Eligible Class Members:** No Immigration Judge and no member or panel of the Board of Immigration Appeals shall issue a decision in the case of any eligible class member after the effective date, except for a decision as provided by and consistent with the provisions for relief as discussed herein;

(2) **If Immigration Court Has Jurisdiction Over Case:** For all eligible class members whose cases are pending before the Immigration Judge (whether on calendar, administratively closed, or in a timely filed motion to reconsider or reopen) as of the effective date, such individual shall be notified in writing by the EOIR of his or her eligibility for relief under this agreement (if not already granted suspension by the Immigration Judge), by use of the form attached hereto as Exhibit B, before the scheduling of the merits hearing described below, and shall have the opportunity to apply for renewed suspension in one (or, if applicable, more) of the following ways:

(a) if the case is on the Immigration Court calendar (or under submission with no future hearing date), then the Immigration Judge shall schedule a hearing on the eligible class member's application for renewed suspension of deportation, and permit the individual to supplement the record of the application for suspension;

(b) if the case is administratively closed, then upon recalendaring, the individual shall be scheduled for a hearing on the eligible class member's application for renewed suspension of deportation, and permit the individual to supplement the record of the application for suspension;

(c) if a motion to reopen or reconsider is pending following a grant of suspension to an eligible class member, where the motion is based on IIRIRA § 309(c)(5) or § 309(c)(7), then the Immigration Judge shall deny the motion on that basis, and the BIA shall deny any INS appeal based on § 309(c)(5) or § 309(c)(7);

(d) if a timely filed motion to reopen or reconsider is pending following the denial or pretermission of suspension for an eligible class member then the motion shall be granted, and the individual shall be scheduled for a regular hearing on the merits of the eligible class member's application for renewed suspension of deportation, and the Immigration Court shall permit the individual to supplement the record of the application for suspension;

(3) **If BIA Has Jurisdiction Over the Case:** For any eligible class member whose case is pending at the Board of Immigration Appeals on the effective date, either on direct appeal, or with a pending and timely filed motion to reopen, such eligible class member shall have the opportunity to apply for renewed suspension in one (or, if applicable, more) of the following ways:

(a) If the eligible class member was granted suspension by the Immigration

Judge, and the notice of appeal was filed by the INS, then the BIA shall affirm the decision of the Immigration Judge, and the BIA will not entertain a motion to reopen or reconsider based on IIRIRA § 309(c)(5) or § 309(c)(7);

(b) If the eligible class member was granted suspension by the Board of Immigration Appeals (or the BIA affirmed the Immigration Judge's grant of suspension) and the INS filed a motion to reopen or reconsider based on IIRIRA § 309(c)(5) or § 309(c)(7) which is pending, then that motion shall be denied;

(c) If the eligible class member's suspension application was denied or pretermitted by the Immigration Judge based solely on Section 309(c)(5), and the case is pending at the BIA, then the BIA shall remand the case to the Immigration Judge (attaching form Exhibit D informing the class member of this settlement, attached hereto), who shall schedule a regular hearing so that the eligible class member can apply for renewed suspension, and permit the eligible class member to supplement the record of the application for suspension;

(d) If the eligible class member's motion to reopen or reconsider to apply for suspension is pending before the BIA (whether or not the individual's suspension application previously was denied or pretermitted by the Board of Immigration Appeals based solely on Section 309(c)(5)), then the BIA shall grant the motion, and remand the case to the Immigration Judge (attaching form Exhibit D informing the class member of this settlement, attached hereto), who shall schedule a regular hearing so that the eligible class member can apply for renewed suspension, and permit the eligible class member

to supplement the record of the application for suspension;

(4) *If Motion to Reopen/Reconsider Already Denied:* For any eligible class member whose motion to reopen or reconsider before the BIA or the Immigration Judge has been denied as of the effective date based solely on Section 309(c)(5), such individual shall be eligible to file an additional motion, not subject to the time or numerical limitations in 8 C.F.R. § 3.2 or 8 C.F.R. § 3.23, and with no filing fee required, within the "motion to reopen period" (which is defined as follows: the "motion to reopen" period shall consist of the 18 month period following the publication of this settlement in the federal register, except that during the final six months of that 18 month period, if any eligible class member files a motion to reopen with the EOIR, then the motion to reopen period shall continue for an additional six months, for a total of 24 months, and if during the final six months of that 18 month period, no eligible class member files a motion to reopen with the EOIR, then the motion to reopen period shall consist of only 18 months) [3] as follows:

(a) For any eligible class member whose motion to reopen or reconsider before the BIA has already been adjudicated and denied based solely on Section 309(c)(5), such individual shall be eligible to file an additional motion to reopen or reconsider, requesting that the BIA reopen or reconsider the prior motion, and the BIA shall reopen the case, and remand the case to the Immigration Judge, who shall schedule a regular hearing so that the individual can apply for renewed suspension, and permit the individual to supplement the record of the application for suspension;

**3.** Nothing in this agreement shall prevent the EOIR from sua sponte reopening the case of

an eligible class member after the termination of the motion to reopen period.

(b) For any eligible class member whose motion to reopen or reconsider before the Immigration Judge has already been adjudicated and denied based solely on Section 309(c)(5), if no appeal to the BIA has been filed, then such individual shall be eligible to file an additional motion to reopen or reconsider, requesting that the Immigration Judge reopen or reconsider the prior motion, and the Immigration Judge shall reopen the case, and schedule a regular hearing so that the individual can apply for renewed suspension, and permit the individual to supplement the record of the application for suspension;

(c) For any eligible class member whose motion to reopen or reconsider before the Immigration Judge has already been adjudicated and denied based solely on Section 309(c)(5), if an appeal to the BIA has been filed, and is pending, then the appeal shall be granted by the BIA, and the BIA shall order the Immigration Judge to reopen the case (attaching form Exhibit D informing the class member of this settlement, attached hereto), and schedule a regular calendar hearing so that the individual can apply for renewed suspension, and permit the individual to supplement the record of the application for suspension;

(d) For any eligible class member whose motion to reopen or reconsider before the Immigration Judge has already been adjudicated and denied based solely on Section 309(c)(5), if an appeal to the BIA has been filed and denied based solely on Section 309(c)(5), then such individual shall be eligible to file an additional motion to reopen or reconsider, requesting that the BIA reopen or reconsider the prior decision, and the BIA shall reopen the case, and remand the case to the Immigration Judge, who shall schedule a regular hearing so that the individual can apply for renewed suspension, and permit the individual to supplement the record of the application for suspension;

(5) *Sua Sponte Reopening If EOIR Already Decided Case:* For eligible class members whose applications for suspension have already been denied or pretermitted by the BIA or by the Immigration Judge based solely on Section 309(c)(5), where no appeal has been filed as of the effective date of the settlement agreement, the EOIR shall identify such individuals as provided below, and shall *sua sponte* reopen such cases once identified, and remand such cases to the Immigration Judge where necessary (attaching form Exhibit D informing the class member of this settlement, attached hereto), who shall schedule a regular hearing so that the individual can apply for renewed suspension, and permit the individual to supplement the record of the application for suspension, as follows:

(a) *EOIR Identification and reopening:*

the EOIR shall accomplish such identification of class members and reopening of their cases within six (6) months of the effective date of this settlement agreement,

(b) *Procedure following remand:* following the *sua sponte* reopening and remand of a case:

(i) *Notice of Hearing and Administrative Closure:* notice of the scheduled hearing shall be sent by certified mail to the last known address of the Respondent contained in the administrative record and the attorney of record, if any, and if the individual fails to appear for the scheduled hearing, absent evidence that the hearing notice sent by certified mail was actually received by Respondent (and not just the attorney of record) and no other individual, the case shall be administratively closed, following which, should the Respondent come forward, the hearing shall be recalendared; and

(ii) *Recalendaring and Administrative Closure:* should the Immigration Court or the INS learn of an address believed to be that of Respondent, then the case may be recalendared, and if so, notice of the scheduled hearing shall be sent by certified mail to that address, and if the individual fails to appear again for the scheduled hearing, absent evidence that the hearing notice sent by certified mail was actually received by Respondent and no other individual, the case shall again be administratively closed, as described above; and

(iii) *Appropriate Resolution:* after the conclusion of the latter of (1) the motion to reopen period defined in Section (II)(B)(4) above and (2) the final administrative adjudication by the EOIR of all class members cases other than those administratively closed under this paragraph, any cases that remain administrative closed can be adjudicated as the Immigration Judge decides is appropriate for the particular case, including, but not limited to, keeping the case administratively closed, or recalendaring and entering the appropriate order; however any case previously administratively closed under Section (II)(B)(5)(b) in which an *in absentia* order is subsequently entered may be reopened through a motion to reopen based on lack of notice under former INA § 242B(c)(3)(B) (before amendment by IIRIRA), 8 U.S.C. 1252b(c)(3)(B), and the failure of the Respondent to inform the Court of his or her address subsequent to the original final administrative EOIR decision denying suspension shall not be a basis to deny the motion to reopen, and any eligible class member whose case is so reopened shall be eligible to apply for renewed suspension under this agreement;

(c) *Motions to Reopen Permitted:* where the EOIR has not sua sponte reopened an eligible class member's case, such individual shall be eligible to file a motion to reopen, not subject to the time or numerical limitations in 8 C.F.R. § 3.2 or 8 C.F.R. § 3.23, with no filing fee required, within the motion to reopen period as defined above in Section (II)(B)(4), requesting that the EOIR reopen the case, and the EOIR shall reopen the case, and remand the case to the Immigration Judge, who shall schedule a regular hearing so that the individual can apply for renewed suspension, and permit the individual to supplement the record of the application for suspension;

(6) *Limitation on Appeals:* In no case where the eligible class member is granted renewed suspension shall the BIA entertain an appeal or a motion to reconsider or reopen filed by the INS based on IIRIRA § 309(c)(5) or § 309(c)(7);

(7) *Notification by EOIR of Determinations of Ineligibility:* Any eligible class member who is determined by EOIR not to be eligible for relief under this settlement agreement because such individual is determined by EOIR not to fall under Section (II)(A)(1) due to presence of the following three events: the continuance was at the request of the alien, the alien was represented by an attorney, and the transcript of the hearing was prepared following an appeal and makes clear which party requested the continuance, shall be so notified by EOIR within 60 days of that determination. Copies of that determination shall be sent to the last attorney of record and to class counsel. The reasons for the asserted non-eligibility shall be stated in the notice, and attached shall be a form, attached hereto as Exhibit C, which shall inform the class member of the stay of deportation, the dispute resolution provisions, and the 90 day period to contest this determination in district court, as specified in section (II)(C)(7), below;

(C) *Other Considerations*

(1) *Stay of Deportation and Dissolution of Injunction*

(a) As of the date the settlement is finally approved by the court, the injunction against deportation granted by the court in its order of March 28, 1997, is dissolved as to any class members ineligible for a remedy under this settlement agreement and is dissolved for any eligible class member who is not the subject of a final order, and shall expire upon reopening of any eligible class member's case under the terms of this agreement. The stay is also dissolved 30 days after any individual determined by EOIR not to be eligible for relief under this agreement (as described in Section (II)(B)(7)) is notified by EOIR of such ineligibility, unless such individual notifies EOIR within that 30–day period that he/she is invoking the dispute resolution mechanism under Section (II)(C)(7). In the latter case, the stay shall be dissolved at the conclusion of the dispute resolution process (including review in the Court if no resolution is achieved by the parties through dispute resolution).

(b) An eligible class member who files a motion to reopen under section (II)(B)(4) or (II)(B)(5)(c) may also request of stay of deportation from EOIR, and to eliminate the need to fashion such request as an emergency motion where deportation is imminent, the filing of such a stay request shall cause such individual to be presumed to be an eligible class member for purposes of the stay of deportation; however such presumption and stay can be dissolved by order of the EOIR in not less than seven (7) days after the filing of the motion of the reopen if the individual has not filed prima facie evidence of being an eligible class member as forth in section II(A) of this agreement by that time;

( c) any individual who is an eligible class member and who is not ineligible for suspension of deportation due to deportability under INA § 241(a)(2), (3) or (4) (before amendment by IIRIRA) is eligible to be granted bond by the Immigration Court if taken into INS custody;

(2) *Publication and Notice* The EOIR will mount a public information campaign designed to afford notice to eligible class members whose cases are no longer pending before the EOIR of their rights and obligations under this Agreement. The EOIR will initiate its public information campaign within 30 days from the effective date. The public information campaign will include, but not be limited to:

(a) Placement of an Advisory Statement (attached hereto as Exhibit A) describing the rights and obligations of class members under this Agreement on the EOIR Internet web site, and the INS Internet web site;

(b) Distribution of the Advisory Statement referenced in subparagraph (a) above to the Community Relations Office located within each INS District Office, and posted prominently at each EOIR Immigration Court;

(c) Distribution of the Advisory Statement referenced in subparagraph (a) above to all news organizations in the United States listed on the INS media distribution list;

(d) Distribution of the Advisory Statement referenced in subparagraph (a) above to all immigration assistance providers listed on the Roster of Recognized Organizations and Accredited Representatives maintained by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 292;

(e) Distribution of the Advisory Statement referenced in subparagraph (a) above to appropriate international organizations and community outreach networks; and

(f) Publication of the Advisory Statement referenced in subparagraph (a) above

in the Federal Register within 30 days of the effective date;

(3) *Monitoring:* Within 30 days of final court approval, EOIR will provide to plaintiff's counsel a list of all identified class members, including class member's names, alien number, address, telephone number, and if represented, the attorney of record's name, address and telephone number, with an indication by the EOIR whether the class member is eligible for relief under this settlement agreement. The EOIR will provide plaintiffs' counsel with status reports every six months on the status of eligible class members cases pending at the BIA which have either been granted suspension, renewed suspension or remanded to the Immigration Court, the status of eligible class members whose cases were reopened (and whether such reopening was *sua sponte* or in response to a motion filed by the individual), the status of any denials of motions to reopen of persons who claim eligibility for renewed suspension under this agreement, and a list of any additional class members determined to be ineligible for relief under this settlement agreement. The first status report will be provided to plaintiffs' counsel approximately 210 days from the effective date. The report shall include any changes or updates to the class member's names, alien number, address, telephone number, and if represented, the attorney of record's name, address and telephone number.

(4) *Attorneys' Fees:* The EOIR will pay plaintiffs attorney's fees of $395,000, plus $3,935.01 in costs, as specified in 28 U.S.C. §§ 1920, 2412, and 2671, and 5 U.S.C. § 504, within thirty (30) days from the date this Agreement becomes effective pursuant to paragraph II(C)(5) below. If payment is not made within the 30 day period, interest will accrue at the federal civil post judgment rate, as provided by 28 U.S.C. § 1961. Any future application for attorneys' fees based on any action to enforce the provisions of this Agreement shall be treated as a newly filed action for EAJA purposes and no attorneys' fees for enforcement of this Agreement may be predicated upon any acts of the defendants or findings of this Court that occurred prior to the effective date of this Agreement.

(5) *Dismissal of Complaint:* Upon final approval of this Agreement, the parties will jointly move the Court to enter an order dismissing all issues, claims, and causes of action arising from plaintiffs' Complaint, other than otherwise provided for in this Agreement. This Agreement will not become effective until the Court signs such an order.

(6) *Court's Continued Authority:* Upon final approval of this Agreement, and until the latter of

(1) ninety (90) days following the final administrative adjudication of all class members' cases (other than those cases which are administratively closed pursuant to Section (II)(B)(5)(b)), and

(2) the termination of the motion to reopen period defined in Section (II)(B)(4), the Court shall have authority under this agreement to resolve claims by any party hereto that any other party has repudiated or committed a breach of any term of this Agreement (which may include a violation of the Agreement as to an individual class member). Except where irreparable harm would occur (for example, an imminent deportation), in exercising such retained authority, the Court shall not act on any matter until the complaining party has initiated the dispute resolution mechanism under paragraph (7) below, the time for response has expired, and the negotiations have proved fruitless; nor shall the Court modify or expand in any way the undertakings of the parties hereunder without the consent of all parties. Ninety (90) days

after all class members' cases (other than those cases which are administratively closed pursuant to Section (II)(B)(5)(b)) are finally adjudicated consistent with this agreement, the parties will jointly advise the court that one of the two conditions above has been met and that the Court can dismiss the case;

(7) **Dispute Resolution.** A significant purpose of this Agreement is to eliminate or reduce the need for further complex litigation in Court. In order to effectuate this purpose the parties agree to the following dispute resolution mechanism:

(a) Upon learning of any fact or facts that constitute the basis for asserting that a party has repudiated or committed a breach of any term of this Agreement (which may include a violation of the Agreement as to an individual class member), the aggrieved party (including any individual class member) shall notify the parties pursuant to section (d) below of that fact or facts and request a report on what remedial action has been taken with respect to such alleged facts prior to invoking the enforcement provisions of this Agreement.

(b) Within thirty (30) days after receipt of such notice, the party alleged to have repudiated or committed a breach of the agreement shall provide notice pursuant to section (d) below and to the aggrieved party of the results of its investigation of the facts and any remedial action it has taken or intends to take in connection therewith.

(c) Thereafter the parties shall negotiate in good faith in an effort to resolve any disputes remaining after the undertaking set forth in subparagraphs (a) and (b) above have been completed.

(d) All notices required under the provisions for dispute resolution shall be served upon the respective parties as follows:

*Plaintiffs:*

Linton Joaquin

National Immigration Law Center

3435 Wilshire Blvd. Suite 2850

Los Angeles, CA 90010

*Defendants:*

David McConnell

Office of Immigration Litigation

Department of Justice/Civil Division

P.O. Box 878, Ben Franklin Station

Washington, DC 20044

(e) If, after such good faith negotiation, there are remaining issues that have not been resolved, either party, including any class member who continues to believe that the EOIR has violated the terms of this agreement in its determination that such individual is not an eligible class member, or in the implementation of the relief provided (other than a discretionary determination on the suspension application), will have ninety (90) days from the repudiation, breach or notice of the EOIR decision (referred to in section (b) above) to file a motion with the Court seeking review of such repudiation, breach or EOIR determination.

### EXHIBIT A

### ADVISORY STATEMENT

CLASS ACTION SETTLEMENT TO BENEFIT CERTAIN PERSONS WHO APPLIED FOR SUSPENSION OF DEPORTATION BEFORE APRIL 1, 1997

The Executive Office for Immigration Review (EOIR)—the federal agency that includes the Immigration Courts and the Board of Immigration Appeals—is issuing this Advisory Statement to inform the public about the settlement agreement in the *Barahona–Gomez v. Ashcroft* class action litigation.

This class action lawsuit challenged EOIR directives which prohibited immi-

gration judges and the Board of Immigration Appeals from granting suspension of deportation during the period between February 13 and April 1, 1997. On April 1, 1997, a new law (Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") section 309(c)(5)) took effect that made people ineligible for suspension if they had not been continuously physically present in the United States for a period of seven years at the time that they were served with an Order to Show Cause (the document that begins deportation proceedings). Under the settlement, eligible class members who could have been granted suspension during the period between February 13 and April 1, 1997, before this new restriction took effect, will be given the opportunity to apply for suspension under the standards that existed prior to April 1, 1997.

## I. Class Members Eligible for Relief

The class in this case is limited to individuals who applied for suspension of deportation and whose hearings took place within the jurisdiction of the U.S. Court of Appeals for the Ninth Circuit, encompassing the states of Alaska, Arizona, California, Hawaii, Idaho, Nevada, Oregon, and Washington. The following categories of persons are eligible for relief under the settlement:

(1) individuals for whom an Immigration Judge ("IJ") either reserved a decision, or scheduled a merits hearing on an application for suspension of deportation between February 13, 1997 and April 1, 1997, and the hearing was continued until after April 1, 1997 (except, as described below, in certain cases where the individual requested the continuance), and for which either:

(a) no IJ decision has been issued; or

(b) an IJ decision was issued denying or pretermitting suspension based on IIRIRA § 309(c)(5), and either (i) no appeal was filed; (ii) an appeal was filed and the case is pending with the BIA, or (iii) an appeal was filed, and the BIA denied the appeal based on IIRIRA § 309(c)(5); or

(c) the Immigration Judge granted suspension after April 1, 1997, and the INS filed a notice of appeal, motion to reconsider, or motion to reopen challenging the individual's eligibility for suspension based on IIRIRA § 309(c)(5).

Individuals in the categories listed above do *not* qualify for relief under the settlement if: (1) the continuance of the hearing was at the request of the individual; (2) the individual was represented by an attorney; and (3) the transcript of the hearing was prepared following an appeal and makes clear that the continuance was at the request of the respondent. In any case where EOIR determines that an individual is not eligible for relief under the settlement because of this restriction, EOIR will send written notice of this determination to the individual, and counsel. The class member will then have 30 days to file a claim disputing this determination. The settlement provides for a dispute resolution mechanism which must be used before the federal court can hear the issue. A stay of deportation will be in place if the dispute resolution mechanism is timely invoked;

(2) individuals whose cases were pending at the Board of Immigration Appeals ("BIA") (either on direct appeal from the Immigration Judge decision, or on a motion to reopen) between February 13, 1997 and April 1, 1997, where the notice of appeal (or the motion to reopen) was filed on or before October 1,

1996, and which were, or would be (but for the settlement agreement), denied on the basis of IIRIRA 309(c)(5), whether or not the decision of the BIA denying suspension solely on the basis of IRRIRA § 309(c)(5) has already been issued or not;

(3) individuals whose cases were taken under submission by an Immigration Judge following a merits hearing before February 13, 1997, where no decision issued until after April 1, 1997;

(4) individuals for whom the Immigration Judge denied or pretermitted suspension between October 1, 1996 and March 31, 1997, on the basis of IIRIRA § 309(c)(5), and the individual filed a notice of appeal with the BIA; and

(5) individuals for whom the Immigration Judge granted suspension of deportation before April 1, 1997 and the INS appealed based only on IIRIRA § 309(c)(5) or IIRIRA § 309(c)(7).

Even if they otherwise qualify under one of the above categories, class members are not eligible for benefits under the Settlement if they have already become lawful permanent residents (LPRs), or if they already have had or will have their cases reopened for adjudication or re-adjudication of their claims for suspension of deportation without regard to Section 309(c)(5) of IIRIRA, following a remand from the United States Court of Appeals for the Ninth Circuit or the BIA or following an order by the BIA or an immigration judge reopening their cases.

## II. Procedures for Obtaining Relief Under the Settlement

Under the settlement, eligible class members (as defined above) will be eligible to apply for and be granted "renewed suspension" which means the relief of suspension of deportation, as it existed on September 29, 1996, before amendment by IIRIRA or any subsequent statute. As part of the process of applying for renewed suspension, class members will have the opportunity to present new evidence of the hardship they would face were they to be deported.

The procedures by which such eligible class members may apply for and be granted such relief depend upon the status of the case. In cases currently pending before an Immigration Judge, the EOIR will send written notice to eligible class members of the opportunity to apply for relief under the settlement. In cases of eligible class members currently pending before the Board of Immigration Appeals, the Board will remand the case to the Immigration Judge to schedule a hearing for renewed suspension. In those cases where an Immigration Judge previously granted suspension to a class member, and the INS appealed based only on IIRIRA § 309(c)(5) or (c)(7), the Board will dismiss the appeal and thereby reinstate the Immigration Judge's decision granting suspension.

In cases of eligible class members where the Board or an Immigration Judge denied suspension and no appeal was filed, EOIR will on its own motion reopen the case to allow the class member to apply for suspension. In such cases EOIR will send written notice to the class member's last known address. If the class member subsequently fails to appear for a noticed hearing, the case will be administratively closed for a period of time after which the case could be recalendared and an appropriate order issued, including an *in absentia* order of deportation which could, in turn, be subject to reopening for lack of notice.

Class members who are subject to final deportation orders but are eligible to apply for renewed suspension under the settlement may file a motion to reopen their

case to apply for renewed suspension. This will be necessary in cases where the Board or Immigration Judge will not, on their own, be reopening the case. Principally this will be in cases where a motion to reopen has already been denied. This motion is not subject to the normal time and number limitations on motions to reopen, and this motion does not require a filing fee. However, *the motion to reopen must be filed within 18 months of the date that this Advisory Statement is published in the Federal Register* (this period will be extended for six months if at least one class member files such a motion within the last six months of the 18–month period).

A stay of deportation will be in effect for class members who are eligible for relief under the settlement who are subject to final orders of deportation. The stay will expire upon the reopening of a class member's case under the terms of the settlement agreement. The stay is also dissolved 30 days after any individual receives written notice that EOIR has determined that he or she is not eligible for relief under the settlement, unless the individual notifies EOIR within the 30–day period that he/she is invoking the settlement's dispute resolution procedure.

An eligible class member who files a motion to reopen under the settlement may also request a stay of deportation from EOIR, and the filing of such a stay request will cause such individual to be presumed to be an eligible class member for purposes of the stay of deportation; however such presumption and stay can be dissolved by order of the EOIR in not less than seven (7) days if the individual has not filed prima facie evidence of eligibility for relief under the settlement by that time.

This notice is only a summary of the provisions of the settlement agreement.

The full agreement can be found at —— F.Supp.2d ——, and is also reproduced on the EOIR website, at _____.

### Exhibit B:

### NOTIFICATION OF ELIGIBILITY FOR RELIEF UNDER BARAHONA V. ASHCROFT TO ELIGIBLE CLASS MEMBERS WHOSE CASES ARE PENDING BEFORE THE IMMIGRATION COURT

(Pursuant to paragraph II.B.2 of the settlement agreement)

On [date], the District Court for the Northern District of California approved a settlement agreement which provides that certain eligible class members under the class action litigation known as *Barahona v. Ashcroft*, No. C 97–0895, are eligible to apply for relief from deportation, known as "renewed suspension".

If you receive this notice, then your case is pending before the Immigration Court, and you are a class member who is eligible to apply to the Immigration Judge for renewed suspension.

The *Barahona* class action lawsuit challenged BIA and Immigration Court directives that prohibited immigration judges and the Board of Immigration Appeals from granting suspension of deportation during the period between February 13 and April 1, 1997. On April 1, 1997, a new law (IIRIRA section 309(c)(5)) took effect that made people ineligible for suspension if they had not been continuously physically present in the United States for a period of seven years at the time that they were served with an Order to Show Cause (the document that begins deportation proceedings). Under the settlement, eligible class members who could have been granted suspension during the period

between February 13 and April 1, 1997, before this new restriction took effect, will be given the opportunity to apply for suspension under the standards that existed prior to April 1, 1997.

"Renewed suspension" means suspension of deportation as that form of relief existed under § 244 of the Immigration and Nationality Act ("INA"), before it was amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") (and any subsequent amendments). All applicants for suspension are required to have at least seven years of continuance physical presence in the United States. "Brief, casual and innocent" departures during that period are allowed. The amendments that took effect on April 1, 1997 changed the law as noted above. As a result of the settlement in *Barahona*, you are now eligible for suspension of deportation, and IIRIRA § 309(c)(5) rule (also called the "stop time rule") will not apply to your case. In the settlement this is called "renewed suspension."

Because your case is pending before the Immigration Court, and you are an eligible class member, you are now eligible to be considered for renewed suspension before the Immigration Court. You will be notified of a date for a hearing at which you can present your suspension case and you will also be given the opportunity to submit more documentation in support of your application.

This notice is provided in accordance with paragraph II.B.2. of the *Barahona* settlement agreement. The full agreement can be found at —— F.Supp.2d. ——, and is also reproduced on the EOIR website, at ——.

**Exhibit C:**

## NOTIFICATION OF DETERMINATION OF NON–ELIGIBILITY FOR RELIEF UNDER BARAHONA V. ASHCROFT AND NOTIFICATION OF RIGHT TO CHALLENGE THIS DETERMINATION

(Pursuant to paragraph II.B.7. of the settlement agreement)

*Determination of Non–Eligibility*

The Executive Office for Immigration Review ("EOIR") has determined that you are ineligible for relief provided by the settlement agreement in *Barahona v. Ashcroft*, No. C 97–0895, approved by the District Court for the Northern District of California, on [date].

The settlement provides that certain class members are eligible for relief in the form of "renewed suspension," which means suspension of deportation as that form of relief existed under § 244 of the Immigration and Naturalization Act ("INA"), before it was amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") (and any subsequent amendments). All applicants for suspension are required to have at least seven years of continuance physical presence in the United States. "Brief, casual and innocent" departures during that period are allowed. The amendments that took effect on April 1, 1997 changed the law to require that those seven years be completed *before* certain events took place, including the service by the INS of the Order to Show Cause ("OSC"), the charging document in your deportation case. This is referred to as the "stop time rule". Your case was not resolved before April 1, 1997, and so the "stop time rule" was deemed to apply to you to make you ineligible for suspension. The *Barahona* class action lawsuit challenged the delay in adjudicating suspen-

sion cases and, as a result of the settlement in that case, eligible class members are now eligible for suspension of deportation, and the "stop time rule" will not apply to those cases. In the settlement this is called "renewed suspension."

Therefore, class members who are eligible for relief will have the opportunity to have a hearing on their applications for suspension, without regard to the "time stop rule", and can be granted suspension (and hence, lawful permanent residency). For those class members who are eligible for relief who have been granted suspension already by the Immigration Judge, the appeals or motion to reopen by the INS will be dismissed, and the Judge's decision will be final.

EOIR has determined that you are *not* a class member eligible for relief because you had a regular hearing scheduled between February 13, 1997 and April 1, 1997, and: (1) that hearing was continued at your request; (2) you were represented by an attorney; *and* (3) the transcript of the hearing was prepared following an appeal and makes clear which party requested the continuance.

The exact reasons for EOIR's determination are contained in the decision to which this notice is attached.

The settlement agreement in *Barahona* provides that where the above three circumstances are met, the individual is *not* eligible for any relief provided under the settlement agreement. This notice is required to be issued to you within 60 days of the determination by EOIR that you are not eligible for relief. Copies of the determination are also being sent to your last attorney of record and to *Barahona* class counsel.

*Procedure to Challenge this Determination; Stay of Deportation*

**You have a limited period of time in which to challenge this determination, which is described below.**

The *Barahona* settlement agreement provides that a stay of deportation will be in place on your case *only for 30 days from the date of the attached decision, unless you file a challenge to this determination.* To file such a challenge, you must notify in writing counsel for the parties in *Barahona* by mailing such written notification within 30 days to:

David McConnell
Counsel for EOIR
Office of Immigration Litigation
Department of Justice/Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

and

Linton Joaquin
Counsel for *Barahona* class members
National Immigration Law Center
3435 Wilshire Blvd. Suite 2850
Los Angeles, CA 90010

**If you do *not* postmark such written notification to the above individuals within 30 days of EOIR's decision, then the stay of deportation will end after that 30 day period runs.**

If you do mail such written notification within 30 days, then the stay of deportation continues, and EOIR will have 30 days to respond to your notification. If you and EOIR are unable to resolve the issue, then you must file a motion with the District Court for the Northern District of California within *90 days* of the original

determination by EOIR of your non-eligibility asking the Court to review that determination. If, within 90 days, you and EOIR have not resolved the issue, and if you do *not* file a motion in the District Court, then the stay of deportation terminates after that 90 day period

If you do file a motion with the District Court, then a stay of deportation will be in place from the date of EOIR's determination of your non-eligibility, through the final determination of eligibility by the federal courts.

This notice is provided in accordance with paragraph II.B.7. of the *Barahona* settlement agreement. The full agreement can be found at —— F.Supp.2d. ——, and is also reproduced on the EOIR website, at _____. For more information about your right to challenge this determination, you may also contact Linton Joaquin, counsel for *Barahona* class members, at the National Immigration Law Center, (213) 639–3900.

### Exhibit D:

### NOTIFICATION OF ELIGIBILITY FOR RELIEF UNDER BARAHONA V. ASHCROFT TO ELIGIBLE CLASS MEMBERS WHOSE CASES ARE REMANDED TO THE IMMIGRATION COURT

(Pursuant to paragraphs II.B.3.c, II.B.3.d, II.B.4.c, or II.B.5 of the settlement agreement)

On [date], the District Court for the Northern District of California approved a settlement agreement which provides that certain eligible class members under the class action litigation known as *Barahona v. Ashcroft*, No. C 97–0895, are eligible to apply for relief from deportation, known as "renewed suspension".

If you receive this notice, then your case has been remanded from the Board of Immigration ("BIA") appeals (after pending at the BIA or having been reopened by the BIA) to the Immigration Court, and you are a class member who is eligible to apply to the Immigration Judge for renewed suspension.

The *Barahona* class action lawsuit challenged BIA and Immigration Court directives that prohibited immigration judges and the Board of Immigration Appeals from granting suspension of deportation during the period between February 13 and April 1, 1997. On April 1, 1997, a new law (IIRIRA section 309(c)(5)) took effect that made people ineligible for suspension if they had not been continuously physically present in the United States for a period of seven years at the time that they were served with an Order to Show Cause (the document that begins deportation proceedings). Under the settlement, eligible class members who could have been granted suspension during the period between February 13 and April 1, 1997, before this new restriction took effect, will be given the opportunity to apply for suspension under the standards that existed prior to April 1, 1997.

"Renewed suspension" means suspension of deportation as that form of relief existed under § 244 of the Immigration and Nationality Act ("INA"), before it was amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") (and any subsequent amendments). All applicants for suspension are required to have at least seven years of continuance physical presence in the United States. "Brief, casual and innocent" departures during that period are allowed. The amendments that took effect on April 1, 1997 changed the law as noted above. As a result of the settlement in *Barahona,* you are now eligible for suspension of deportation, and IIRIRA § 309(c)(5) rule (also called the "stop time

rule") will not apply to your case. In the settlement this is called "renewed suspension."

Because your case is being remanded from the BIA to the Immigration Court, and you are an eligible class member, you are now eligible to be considered for renewed suspension before the Immigration Court. You will be notified of a date for a hearing at which you can present your suspension case and you will also be given the opportunity to submit more documentation in support of your application.

This notice is provided in accordance with paragraph II.B.3.c, II.B.3.d, II.B.4.c, or II.B.5. of the *Barahona* settlement agreement. The full agreement can be found at —— F.Supp.2d. ——, and is also reproduced on the EOIR website, at ——.