Jose Haroldo CHOJOLAN MORALES; et al., Petitioners,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 03–70732.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.**

Decided June 23, 2004.

Marc A. Karlin, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. *See* Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Jose Haroldo Chojolan Morales, his wife, Martha Yolanda Monroy Morales, and their two adult children, all natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision denying their applications for suspension of deportation. "We review for substantial evidence the BIA's decision that an applicant has failed to establish seven years of continuous physical presence in the United States." *Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir.2003). Questions of law are reviewed de novo, as are claims of due process violations in deportation proceedings. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002). Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny in part, and dismiss in part.

Because the BIA administratively closed the deportation proceedings for the lead Petitioner, Jose Haroldo Chojolan Morales and his wife, there is no final appealable deportation order against them in effect, and this Court lacks jurisdiction to consider their petitions for review under 8 U.S.C. § 1105a(a). Therefore, the cases of Mr. and Mrs. Chojolan Morales are dismissed. The only issues properly before this Court are those pertaining to the cases of their adult children, Martha Olga and Jose Alberto Chojolan Monroy ("Petitioners").

Substantial evidence supports the IJ's determination that Petitioners failed to establish the requisite seven years of continuous physical presence in the United States prior to the issuance of the Orders to Show Cause, rendering them ineligible for suspension of deportation. *See Ram v. INS*, 243 F.3d 510, 513 (9th Cir.2001).

*** This disposition is not appropriate for publication and may not be cited to or by the

The BIA correctly held that Petitioners are not eligible for any exemption from the IIRIRA § 309(c)(5)(A) stop-time rule, since their asylum applications were not filed before April 1, 1990 and their deportation proceedings were not conducted prior to April 1, 1997. *See* 8 C.F.R. § 240.61(2); *see also Barahona–Gomez v. Ashcroft*, 243 F.Supp.2d 1029 (N.D.Cal. 2002) (settlement order).

Petitioners' contention that their due process rights were violated by ineffective assistance of counsel lacks merit, as they did not suffer prejudice in their deportation proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), the Petitioners' voluntary departure period will being to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**