**Quirino Canedo OCHAVE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70242.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Dec. 22, 2005.

Judith L. Wood, Esq., Beth S. Persky, Law Offices of Judith L. Wood, Human Rights Project, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony C. Payne, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Jonathan F. Mitchell, US Department of Justice Employment Litigation Section, Washington, DC, for Respondent.

Before: BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

The Ochaves petition for review of the BIA's denial of Mrs. Ochave's motion to reopen her case for adjustment of status based on the Department of Labor's approval of her labor certification and Mr. Ochave's motion to reopen for renewed suspension of deportation, asserting membership in the class defined in the settlement agreement, *Barahona–Gomez v. Ashcroft*, 243 F.Supp.2d 1029 (N.D.Cal. 2002). We have jurisdiction over this petition for review under § 309(c) of the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1223 (9th Cir.2002).

The immigration judge (IJ) denied Petitioners' applications for asylum, withholding of deportation, and suspension of deportation in 1996, and the BIA affirmed that decision in 1999. This court denied the Ochaves' petition for review. *Ochave v. INS*, 254 F.3d 859 (9th Cir.2001). On September 5, 2003, the Ochaves filed their motions to reopen when Mrs. Ochave became eligible for adjustment of status under INA § 245(I) based upon the Department of Labor's approval of her application for labor certification.

We review the BIA's denial of their motions to reopen for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). A motion to reopen must be filed within ninety days of "the date of entry of a final administrative order of removal, deportation, or exclusion...." 8 C.F.R. § 1003.2(b). The critical date, by which the Ochaves were required to file their motions to reopen, was the BIA's affirmance of the IJ's denial of relief: May 26, 1999. Their motions to reopen were filed more than four years later. Petitioners also fail to articulate a viable claim that

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

their case qualifies under an exception allowing extension of the ninety-day rule.[1]

The BIA was within its discretion to deny Petitioners' motion to reopen for untimeliness. We affirm that decision.

**PETITION DENIED.**

---

1. Mr. Ochave does not qualify as a member of the *Barahona–Gomez* class. *Barahona–Gomez v. Ashcroft,* 243 F.Supp.2d 1029, 1031 (N.D.Cal.2002). Moreover, labor certification does not provide the basis for an exception, and Petitioners do not otherwise qualify under an exception to the ninety-day rule. *Azanor v. Ashcroft,* 364 F.3d 1013, 1022 (9th Cir.2004); *Iturribarria v. INS,* 321 F.3d 889, 899 (9th Cir.2003).