Jorge Abel **CABRERA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–75093.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Judith L. Wood, Esq., Law Offices of Judith L. Wood, Los Angeles, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Greg D. Mack, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jorge Abel Cabrera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen to apply for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

We review questions of law de novo. *Sotelo v. Gonzales,* 430 F.3d 968, 970 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

Cabrera cannot benefit from the settlement agreement approved in *Barahona–Gomez v. Ashcroft,* 243 F.Supp.2d 1029 (N.D.Cal.2002), because Cabrera did not have a suspension of deportation hearing scheduled before April 1, 1997, nor would he have had a hearing scheduled if the prohibition against adjudication of suspension of deportation applications during this time had not been issued. *See Sotelo,* 430 F.3d at 971. Moreover, failure to include Cabrera in the *Barahona* class does not violate equal protection as Cabrera was not affected by the prohibition and thus does not warrant a remedy from it. *See Ram v. INS,* 243 F.3d 510, 517 (9th Cir. 2001) (line drawing decisions in the context of immigration must be upheld if rationally related to a legitimate government purpose).

To the extent Cabrera contends that the BIA's December 7, 2000 decision denied him due process, we lack jurisdiction. That decision is not before us, and was summarily dismissed on April 13, 2001 in Case No. 01–70048.

Petitioner's motion for late filing of the optional reply brief is denied as unnecessary.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.