**Jaqueline Maria MOLINA, Petitioner,**

v.

**Eric H. HOLDER, Jr.*, Attorney General, Respondent.**

No. 03–74663.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 2, 2006.

Filed Feb. 26, 2009.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Eric H. Holder, Jr. is substituted for Alberto R. Gonzales, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

Elsie V. Hui, Reeves & Associates, Nancy E. Miller, Robert L. Reeves & Associates, Pasadena, CA, Lori B. Schoenberg, Law Offices of John R. Perry, Encino, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, GOULD and CLIFTON, Circuit Judges.

## MEMORANDUM **

Jacqueline Molina ("Molina") petitions for review of a Board of Immigration Appeals ("BIA") decision finding her ineligible for benefits under the class action settlement in *Barahona–Gomez v. Ashcroft*, 243 F.Supp.2d 1029 (N.D.Cal.2002) ("*Bara-*hona–Gomez* "). The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction to review the BIA's determination of eligibility for benefits under the *Barahona–Gomez* settlement, and review de novo. *Sotelo v. Gonzales*, 430 F.3d 968, 970 (9th Cir.2005).

In a case similar to Molina's, we held that the terms of the *Barahona–Gomez* settlement are ambiguous. *Navarro v. Mukasey*, 518 F.3d 729, 734 (9th Cir.2008). We resolved that ambiguity in favor of coverage under the settlement agreement. *Id.* at 736.

Here, the Immigration Judge ("IJ") rescheduled Molina's merits hearing on her application for suspension of deportation on February 27, 1997. The IJ set a new a hearing date of October 24, 1997. As in *Navarro*, the IJ here 1) "scheduled a merits hearing" on a suspension application between February 13, 1997 and April 1, 1997 and 2) continued the hearing until after April 1, 1997. *See id.* at 734. As in *Navarro*, it is possible that the IJ was motivated by Chief IJ Creppy's directive to reserve decision on certain applications for suspension of deportation. Molina is therefore eligible for relief under the *Barahona–Gomez* class action settlement.[1]

Accordingly, we **GRANT** the petition and **REMAND** to the BIA for a determination of Molina's application for suspension of deportation.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Respondent argues here for the first time that Molina was not denied suspension of deportation "based-on" the stop-clock rule. This argument was never raised to the BIA, and is therefore waived. *See Janes v. Wal–Mart Stores, Inc.*, 279 F.3d 883, 887 (9th Cir.2002).