**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARESH SRICHAND NARANG, | No. 07-71794 |
| Petitioner, | |
| v. | Agency No. A071-788-812 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Naresh Srichand Narang, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

deportation proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Iturrubarria v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*INS,* 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Narang moved to reopen to apply for benefits under the settlement agreement in *Barahona-Gomez v. Ashcroft*, 243 F.Supp.2d 1029, 1034-36 (N.D. Cal. 2002), and to adjust status based on an approved I-140 visa petition.

The BIA did not abuse its discretion in denying the July 20, 2005, motion as to the *Barahona-Gomez* settlement as untimely. 243 F.Supp.2d at 1034-36. Narang's claim that the deadline should be equitably tolled because he was not personally notified is unpersuasive in light of the notice of the settlement published in the Federal Register. *See Lyng v. Payne*, 476 U.S. 926, 942-43 (1986).

In his opening brief, Narang fails to address, and therefore has waived any challenge to, the BIA's determination that the motion to reopen as to adjustment of status was untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

07-71794

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte reopening authority, including its determination that Narang does not fall within the purview of the *Barahona-Gomez* settlement agreement. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.