**Andres GUERRERO–ACOSTA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 03–71098, 03–74576.
Agency No. A74–383–451.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2005.

Decided May 10, 2005.

Rehearing En Banc Denied Aug. 12, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before LAY,** B. FLETCHER, and HAWKINS, Circuit Judges.

### MEMORANDUM***

Andres Guerrero–Acosta petitions for review of two final deportation orders issued by the Board of Immigration Appeals ("BIA") on February 10, 2003 (denying suspension of deportation), and November 20, 2003 (denying motion to reopen).

■ The BIA did not abuse its discretion when it denied Guerrero–Acosta's motion to reopen on the ground that he did not fall within the class established by the settlement agreement approved in *Barahona–Gomez v. Ashcroft,* 243 F.Supp.2d 1029 (N.D.Cal.2002). As the BIA concluded, Guerrero–Acosta did not qualify as a member of the *Barahona–Gomez* class because he neither had, nor was scheduled for, an individual hearing on the merits until November 5, 1997. The date of this hearing put Guerrero–Acosta outside the class definition. *See* 68 Fed. Reg. 13727–02 (Mar. 20, 2003).

■ The stop-time rule under the Illegal Immigrant Reform and Immigrant Responsibility Act ("IIRIRA") § 309(c)(5) did not violate Guerrero–Acosta's due process rights. This argument is foreclosed by *Ram v. INS,* 243 F.3d 510, 517 (9th Cir. 2001). Guerrero–Acosta asks this court to reconsider or distinguish *Ram,* which held that the amendment to IIRIRA § 309(c)(5) applies retroactively. *Id.* at 515. Because Guerrero–Acosta falls within the perimeters of *Ram,* we do not distinguish it. This three-judge panel lacks jurisdiction to reconsider *Ram.*

Jon Eric Garde, Law Offices of Jon Eric Garde, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, John L. Davis, Ernesto H, Molina, Jr., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Guerrero–Acosta lacks standing to challenge the former Attorney General's failure to promulgate regulations implementing IIRIRA § 309(c)(5) because he has not shown that he suffered an injury "fairly traceable" to the offending executive action. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (setting forth the three major components for standing). There is no evidence that this case was delayed as a direct result of the Attorney General's conduct.

Guerrero–Acosta also claims the Executive Office for Immigration Review's ("EOIR's") directives that halted suspensions of deportation violated his substantive due process rights because they interfered with the independent functioning of the BIA and created a massive backlog of more than 3,000 immigration cases that prevented his application from being resolved on November 5, 1997 (the original date for his hearing on the merits). Guerrero–Acosta has not articulated a substantive due process violation. Although *Barahona–Gomez v. Reno,* 167 F.3d 1228, 1235 (9th Cir.1999), suggested that adherence to the 1997 directives "may have violated due process," Guerrero–Acosta has not shown the applicability of that case to him. Moreover, due process claims must be premised upon the violation of a liberty interest or fundamental right, *see Washington v. Glucksberg,* 521 U.S. 702, 719–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997), and show substantial prejudice, *see Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000). Guerrero–Acosta has no liberty interest in suspension of deportation, which is a discretionary form of relief, *see Munoz v. Ashcroft,* 339 F.3d 950, 954 (9th Cir.2003), and has shown no prejudice. Accordingly, we reject this substantive due process argument.

Guerrero–Acosta next contends that the Attorney General's failure to promulgate regulations implementing IIRIRA § 309(c)(5), and the EOIR's directives,

both violated the Administrative Procedures Act. As these arguments were not raised below, we lack jurisdiction to consider them. *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994).

Lastly, Guerrero–Acosta claims the Attorney General violated the separation of powers doctrine by submitting proposed clarifying legislation to Congress regarding IIRIRA. That Congress had to pass the bill, and the President had to sign it, belies this argument. Thus, there was no separation of powers violation.

We note that, during the pendency of this appeal, Guerrero-Acosta's wife was granted U.S. citizenship, and that Guerrero-Acosta has files a motion to reopen on that basis. *See In Re Velarde-Pacheco,* 23 I.&N.Dec. 253 (BIA 2002); 8 C.F.R. § 1003.23. At the conclusion of this appeal, Guerrero-Acost'as voluntary departure period must continue to be tolled until the BIA rules on the merits of his motion to reopen, so long as the motion was both timely filed and filed prior to the expiration of his voluntary departure period. *Azarte v. Ashcroft,* 394 F.3d 1278, 1289 (9th Cir.2005).

**PETITION DENIED.**