**Tiburcio GARCIA–CHEPE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74327.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 14, 2005.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., Mary Jane Candaux, Esq., Anh-Thu P. Mai, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Tiburcio Garcia–Chepe, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") order denying his motion to reopen his deportation proceedings. Reviewing for abuse of discretion, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), we deny the petition for review.

Whether Garcia–Chepe's motion was untimely depends on whether he was eligible for relief pursuant to the settlement in *Barahona–Gomez v. Ashcroft,* 243 F.Supp.2d 1029 (N.D.Cal.2002), which provides that "where the EOIR has not sua sponte reopened an eligible class member's case, such individual shall be eligible to file a motion to reopen, not subject to the time or numerical limitations in 8 C.F.R. § 3.2 or 8 C.F.R. § 3.23 … within the motion to reopen period as defined [in the settlement]." *Id.* at 1036. We conclude that the BIA did not abuse its discretion in determining that Garcia–Chepe is not an

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

eligible class member, because his suspension of deportation case was not "taken under submission following a merits hearing before February 13, 1997." *Id.* at 1032; *see also Sotelo v. Gonzales,* 426 F.3d 1222 (9th Cir.2005) ("to be a member of the *Barahona–Gomez* class an immigrant must show that ... he or she had a suspension of deportation hearing before April 1, 1997 (or would have had a hearing but for the directives at issue)"). Garcia–Chepe's suspension of deportation hearing took place on April 7, 1997.

Garcia–Chepe's contention that the BIA's decision is contrary to *Guadalupe–Cruz v. INS,* 240 F.3d 1209, *as amended by* 250 F.3d 1271 (9th Cir.2001), is unpersuasive, as his suspension of deportation hearing did not occur before April 1, 1997, the effective date of the stop-time rule. *See id.* at 1211.

We decline to review Garcia–Chepe's contention in his reply brief concerning the BIA's denial of sua sponte reopening, as this argument was not raised in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.