*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

**Luz Marina ARENAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73052.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Nov. 29, 2006.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., Cindy S. Ferrier, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, REINHARDT, and BYBEE, Circuit Judges.

### MEMORANDUM *

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. We find that substantial evidence supports the BIA's denial of suspension of deportation where it determined that, under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), effective April 1, 1997, Arenas failed to demonstrate seven years of physical presence in the United States. *See Ram v. INS*, 243 F.3d 510, 518 (9th Cir.2001). In addition, the BIA properly rejected Arenas's ineffective assistance of counsel claim because Arenas failed to comply with *Matter of Lozada*, 19 I & N Dec. 637, 1988 WL 235454 (BIA 1988), and did not show a "clear and obvious case" of ineffective assistance. *See Castillo–Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir.2000). Lastly, we find that the BIA did not abuse its discretion in denying Arenas's motion to remand to allow Arenas to apply for asylum where Arenas did not explain why she had not applied earlier, had not submitted a new application for relief containing new evidence, *see* 8 C.F.R. § 1003.2(c)(1); *Matter of Coelho*, 20 I & N Dec. 464, 1992 WL 195806 (BIA 1992), and had not provided sufficiently detailed or relevant evidence to demonstrate prima facie eligibility for relief, *see Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir.2003).

We also determine that the present appeal is limited to the BIA's denial of request for reconsideration dated May 18, 2004, in which Arenas challenged the retroactive application of IIRIRA and failure to address her claim for asylum. We, therefore, lack jurisdiction to review Arenas's other claims made under *Barahona–Gomez v. Ashcroft*, 243 F.Supp.2d 1029 (N.D.Cal.2002).

Accordingly, the petition is **DENIED** and her claim under *Barahona* is **DISMISSED**.

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

