Jose Prospero **GOMEZ MEDINA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–77245.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 25, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Jose Prospero Gomez Medina, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999), we deny in part and dismiss in part the petition for review.

 On October 4, 2005, Gomez Medina filed a motion to reopen with the BIA pursuant to the settlement agreement in

*Barahona–Gomez v. Ashcroft,* 243 F.Supp.2d 1029 (N.D.Cal.2002). Under the terms of the *Barahona– Gomez* settlement, the filing deadline for motions to reopen was January 23, 2005. *See id.* at 1034. Accordingly, the BIA acted within its discretion in denying as untimely Gomez Medina's motion to reopen because it was filed approximately eight months after the filing deadline.

 We lack jurisdiction to review Gomez Medina's contention that the BIA should have equitably tolled the filing deadline because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

Gomez Medina's contention that he should be allowed to apply for suspension of deportation under *Guadalupe–Cruz v. INS,* 250 F.3d 1271 (9th Cir.2001), is unpersuasive because the agency did not apply the stop-time rule until after the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.