**Hermenegildo PEREZ–MARTINEZ,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 05–74978.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Wayne Spindler, Esq., Tarzana, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Hermenegildo Perez–Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen to reapply for suspension of deportation. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review interpretations of settlement agreements de novo. *Sotelo v. Gonzales,* 430 F.3d 968, 970 (9th Cir.2005). Reviewing for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion in denying Perez–Martinez's motion to reopen because Perez–Martinez was not eligible for class membership under the settlement agreement in *Barahona–Gomez v. Ashcroft,* 243 F.Supp.2d 1029, 1031 (N.D.Cal.2002) (defining the class as persons who, inter alia, "were served an Order to Show Cause within seven years after entering the United States").

■ We lack jurisdiction to review Perez–Martinez's contentions regarding relief under the Convention Against Torture,

** This disposition is not appropriate for publi-

new evidence of hardship, and repapering, because he failed to raise those issues before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

■ We lack jurisdiction to review the BIA's August 31, 1999 order denying Perez–Martinez's motion to reopen based on lack of notice, because he failed to timely petition this court for review of that decision. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.