**Pedro Enrique VILLEDA–MEDINA; Maritza Nohelia Alarcon–Gomez, Petitioners,**

v.

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publi-

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 05–72633.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 28, 2007.

Pedro Enrique Villeda–Medina, Canyon Country, CA, pro se.

Maritza Nohelia Alarcon Gomez, Canyon Country, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Blair T. O'Connor, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM \*\*\*

Pedro Enrique Villeda–Medina and Maritza Nohelia Alarcon–Gomez, husband and wife, and natives and citizens of Guatemala, petition *pro se* for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) decision denying Villeda–Medina's applications for asylum, withholding of deportation, and Convention Against Torture (CAT) relief; and Alarcon–Gomez's application for CAT relief. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review for substantial evidence, *Zhou v. Gonzales*, 437 F.3d 860, 871 (9th Cir.2006), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Villeda–Medina is ineligible to apply for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). *See* NACARA, Pub.L. No. 105–100, 111 Stat. 2160, 2196 (1997) ("A determination by the Attorney General as to whether the status of any alien should be adjusted under this section is final and shall not be subject to review by any court.").

Substantial evidence supports the IJ's denial of asylum because the record does not compel the conclusion that Villeda–Medina was subjected to past persecution, *see INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (forced recruitment by guerrillas, without more, does not amount to persecution), or that he had a well-founded fear of persecution. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000) (fear of persecution undermined where alien stayed in country for two years after incidents of harm without further problems and alien's sister remained in country without problems). By failing to qualify for asylum, Villeda–Medina necessarily fails to satisfy the higher standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence also supports the IJ's determination that Villeda–Medina and Alarcon–Gomez are not eligible for

---

cation and is not precedent except as provided by Ninth Circuit Rule 36–3.

\* Pursuant to Fed. R.App. P. 43(c)(2), Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

CAT relief because they did not demonstrate that it is more likely than not that either of them will be tortured should they return to Guatemala. *See Cano–Merida v. INS,* 311 F.3d 960, 966 (9th Cir.2002).

Villeda–Medina is not entitled to relief under *Barahona–Gomez v. Ashcroft,* 243 F.Supp.2d 1029, 1030–31 (N.D.Cal.2002). *See Sotelo v. Gonzales,* 430 F.3d 968, 971 (9th Cir.2005) (holding that petitioners, who did not seek suspension of deportation until after April 1, 1997, were not members of the *Barahona–Gomez* class).

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**

