

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2604

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Singh v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1325.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1325

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2604

———————

KULWINDER SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A72-797-034)
Immigration Judge:  Honorable Eugene Pugliese

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2008

Before: BARRY, SMITH and HARDIMAN, <u>Circuit Judges</u>

(Opinion filed April 25, 2008)

———————

OPINION

———————

PER CURIAM

    Kulwinder Singh, an Indian native and citizen, petitions for review of a final order

of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal

proceedings.  We will deny Singh's petition for review.

    In 1994, Singh filed his initial request for asylum.  Singh argued that he feared

returning to India because he would be persecuted for his practice of Sikhism and his political activism. The Immigration Judge ("IJ") found his testimony to be incredible and denied his application for asylum and withholding of removal. The BIA dismissed the ensuing appeal on August 22, 2001. Singh filed a motion to reconsider on April 22, 2002 which the BIA denied as untimely. One year later, Singh sought to reopen his case under the Barahona-Gomez v. Ashcroft, 243 F.Supp.2d 1029 (N.D. Cal. 2002) settlement. The BIA denied his motion. Singh filed the second motion to reopen in January 2007, arguing that, due to changed country conditions since the IJ's decision, he would be persecuted if he returned to India. Singh also argued for reopening based on his former counsel's ineffectiveness, a pending labor certificate and equal protection and due process claims. The BIA denied his motion and Singh filed a timely petition for review.

We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252. Denials of motions to reopen removal proceedings fall within the discretion of the BIA. See 8 C.F.R. § 1003.2(a). Thus, we review the BIA's denial of Singh's motion to reopen for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under the abuse of discretion standard of review, we will not disturb the BIA's decision unless it was "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).

Ordinarily, an alien may file only one motion to reopen removal proceedings, which must be filed no later than ninety days after the decision was issued in the proceeding the alien seeks to reopen. 8 U.S.C. § 1229a(c)(7). The January 2007 motion

2

was Singh's second motion to reopen and it was filed past the ninety-day deadline. "However, the 'time and numerical limitations . . . shall not apply' to motions to reopen that 'apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.'" Shardar v. Attorney Gen., 503 F.3d 308, 313 (3d Cir. 2007) (quoting 8 C.F.R. § 1003.2(c)(3)).

The BIA did not abuse its discretion in finding that Singh failed to show changed circumstances in India which would warrant reopening his removal proceedings. A motion to reopen must establish prima facie eligibility for asylum. Guo, 386 F.3d at 563. Singh submitted only an affidavit stating that the police came to his house in India and threatened to arrest him for his past political activities. The affidavit re-asserted claims which were contained in Singh's second amended asylum application and which the IJ found to be incredible during Singh's original removal proceedings. Thus Singh failed to produce "objective evidence showing a 'reasonable likelihood' that he can establish [that he is entitled to relief]." Id. quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002).

Unlike changed country circumstances, ineffective assistance of counsel is not a regulatory basis to seek an exception to the time and number limits for a motion to reopen. See 8 C.F.R. § 1003.2(c). Singh, however, could circumvent the ninety-day time limitation on motions to re-open through equitable tolling. See Mahmood v. Gonzales,

3

427 F.3d 248, 251 (3d Cir. 2005). We have not addressed in a precedential decision whether numerical limits on motions to reopen may be equitably tolled. Luntungan v. Attorney Gen., 449 F.3d 551, 557 (3d Cir. 2006). Even assuming, arguendo, that the one motion limit is subject to tolling, Singh's ineffectiveness assistance of counsel claim cannot succeed because of his failure to comply with the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1998).

Under Lozada, an alien must (1) provide an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations, provide counsel with an opportunity to respond, and submit counsel's response to the BIA; and (3) state whether a complaint has been filed with the appropriate disciplinary authorities, and if not, why not. See Fadiga v. Attorney Gen., 488 F.3d 142, 156. In Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir. 2001), we held that it was not an abuse of the BIA's discretion to reject an ineffective assistance of counsel claim for failure to comply with Lozada's three-prong test. Singh correctly points out that we have warned against the inherent dangers of a strict formulaic interpretation of Lozada. Lu, 259 F.3d at 133 ("we are concerned that courts could apply Lozada's third prong so strictly that it would effectively require all petitioners claiming ineffective assistance to file a bar complaint."). Singh, however, has failed to satisfy or offer a reasonable explanation for his failure to satisfy any of the three prongs of the test. Singh submitted an affidavit claiming ineffective assistance of counsel "for failure to prepare for asylum with corroborating documents, failure to file a timely application for motion to reopen." Singh's ineffective assistance of counsel claims change at every stage

4

of the proceedings: he raised different ineffectiveness claims in his affidavit, before the BIA and on appeal in this Court. Moreover, Singh fails to specify which of his five former attorneys provided ineffective assistance or whether the alleged ineffective attorney was informed of Singh's claim. Thus, the BIA did not abuse its discretion in denying the motion because of Singh's failure to comply with the procedural requirements of Lozada.

Singh also argues that the BIA erred in refusing to sua sponte reopen his removal proceedings. See 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision"). We lack jurisdiction to review the BIA's decision declining to exercise its discretion to reopen or reconsider Singh's case. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

Finally, Singh argues throughout his brief that the delay in the processing of his immigration benefits violates his Fifth Amendment right to due process. As we have stated, "the various discretionary privileges and benefits conferred on aliens by our federal immigration laws do not vest in aliens a constitutional right to have their immigration matters adjudicated in the most expeditious manner possible." Mudric v. Attorney Gen., 469 F.3d 94, 99 (3d Cir. 2006).

We have considered the remaining arguments Singh makes in his petition and find them to be meritless. Accordingly, we will deny the petition for review.

5